```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE
```

ENHANCED SECURITY RESEARCH, LLC, :
and SECURITY RESEARCH HOLDINGS   :
LLC,                             :
                                 :
            Plaintiffs,           :
                                 :
     v.                          :       C.A. No. 09-571-JJF
                                 :
CISCO SYSTEMS, INC.,             :
INTERNATIONAL BUSINESS MACHINES  :
CORPORATION, CHECK POINT SOFTWARE:
TECHNOLOGIES, LTD., CHECK POINT  :
TECHNOLOGIES INC., SONICWALL,    :
INC., 3COM CORPORATION, NOKIA    :
CORPORATION, NOKIA, INC.,        :
FORTINET, INC., and SOURCEFIRE,  :
INC.                             :
            Defendants.          :

---

Martin R. Lueck, Esquire; Sara A. Poulos, Esquire; Cole M. Fauver, Esquire; Julia Dayton Klein, Esquire; Brenda L. Joly, Esquire; and Loren L. Hansen, Esquire of ROBINS, KAPLAN, MILLER & CIRESI L.L.P., Minneapolis, Minnesota.
Steven J. Balick, Esquire; John G. Day, Esquire; Tiffany Geyer London, Esquire; and Caroline Hong, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Plaintiffs Enhanced Security Research, LLC and Security Research Holdings LLC.

Henry B. Gutman, Esquire; Noah M. Leibowitz, Esquire; and Victor Cole, Esquire of SIMPSON THACHER & BARTLETT LLP, New York, New York.
Jeffrey E. Ostrow, Esquire of SIMPSON THACHER & BARTLETT LLP, Palo Alto, California.
Jack B. Blumenfeld, Esquire, and Rodger D. Smith II, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendants Cisco Systems, Inc. and 3Com Corporation.

Charles L. Pannell, Esquire; Holmes J. Hawkins, III, Esquire; and Natasha H. Moffit, Esquire of KING & SPALDING LLP, Atlanta, Georgia.
Richard L. Horowitz, Esquire and David E. Moore, Esquire of POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.

Attorneys for International Business Machines Corporation.

Edward J. DeFranco, Esquire of QUINN EMANUEL URQUHARRT OLIVER & HEDGES, LLP, New York, New York.
Jack B. Blumenfeld, Esquire, and Rodger D. Smith II, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendants Check Point Software Technologies Ltd. and Check Point Software Technologies Inc.

Christine S. Watson, Esquire; Colby B. Springer, Esquire; and Kenneth B. Wilson, Esquire of CARR 7 FERRELL, LLP, Palo Alto, California.
George Pazuniak, Esquire of WOMBLE CARLYLE SANDRIDGE & RICE PLLC, Wilmington, Delaware.

Attorneys for Defendant Sonic Wall, Inc.

Robert F. Perry, Esquire of KING & SPALDING LLP, New York, New York.
Steven T. Snyder, Esquire of KING & SPALDING LLP, Charlotte, North Carolina.
Jeffrey L. Moyer, Esquire, and Sarah R. Stafford, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Defendants Nokia Inc. and Nokia Corporation.

Stefani E. Shanberg, Esquire, and Robin L. Brewer, Esquire of WILSON SONSINI GOODRICH & ROSATI, Palo Alto, California.
Richard H. Morse, Esquire, and James L. Higgins, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Defendant Fortinet, Inc.

Peter J. Davis, Esquire; Alexander J. Hadjis, Esuire; and Elizabeth A. Richardson, Esquire of MORRISON & FOERSTER LLP, Washington, D.C.
Mary B. Graham, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendant Sourcefire Inc.

---

**MEMORANDUM OPINION**

June 25, 2010
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court are the following Motions: (1) Motion To Consolidate Cases (D.I. 50) filed by Plaintiffs Enhanced Security Research, LLC and Security Research Holdings LLC; (2) Motion To Stay Pending Outcome Of Reexamination Proceedings (D.I. 82) filed by Defendant Fortinet, Inc.[1]; and (3) Motion To Supplement The Record On Fortinet's Motion To Stay (D.I. 124) filed by Defendant Fortinet, Inc.  For the reasons to be discussed, Plaintiffs' Motion To Consolidate will be denied as moot, Fortinet's Motion To Supplement will be denied, and Defendants' Motion To Stay will be granted.

I.  **Background**

On May 29, 2009, Plaintiff Enhanced Security Research, LLC filed a patent infringement action against Defendants Cisco Systems, Inc. ("Cisco"), International Business Machines Corporation ("IBM"), Check Point Software Technologies, Ltd., Check Point Software Technologies Inc. ("Check Point"), SonicWALL, Inc., 3Com Corporation ("3Com"), Nokia Corporation, Nokia, Inc. ("Nokia"), Fortinet, Inc., and Sourcefire, Inc. (collectively, "Defendants").[2]  On August 3, 2009, Plaintiffs Enhanced Security Research, LLC and Security Research Holdings

---

[1] Defendants 3Com, Cisco, Sourcefire, IBM, Sonicwall, Nokia, Check Point have joined Fortinet's Motion To Stay.  (D.I. 104, 105, 106, 107, 108, 112.)

[2] Enhanced Sec. Research, LLC v. Cisco Sys., Inc., et al., 09-390-JJF.

LLC (collectively, "Plaintiffs") filed this patent infringement action against Defendants. Both actions allege that Defendants directly and contributorily infringed U.S. Patent Nos. 6,119,236 (the "'236 patent") and 6,304,975 BI (the "'975 patent")(collectively, the "patents-in-suit").[3]

On July 20, 2009, third party Juniper Networks, Inc. filed a request for *inter partes* reexamination of the '975 patent. (D.I. 103, Garber Decl., Ex. A.) The U.S. Patent and Trademark Office ("PTO") granted reexamination with respect to every claim of the '975 patent on August 28, 2009. (Id., Ex. B.) Fortinet then filed a request for *ex parte* reexamination of the other patent-in-suit, the '236 patent, with the PTO on November 24, 2009. (Id., Ex. D.) Although the PTO had not ruled on this reexamination request at the time Defendants filed their Motion To Stay, it has since granted reexamination with respect to every claim of the '236 patent on April 7, 2010. (D.I. 160, at 1.) Accordingly, the patents-in-suit are both in reexamination, and will be reexamined by the same Primary Examiner. (Id.)

## II. Parties' Contentions

By their Motion To Stay, Defendants ask the Court to stay this lawsuit pending the reexaminations of the patents-in-suit by

---

[3] The first patent infringement action will be dismissed because the Court concludes that Enhanced Security Research, LLC lacks Article III standing. Accordingly, Plaintiffs' Motion To Consolidate cases will be denied as moot.

the PTO. (D.I. 102, at 1.) Defendants generally contend that there is a liberal policy in favor of granting motions to stay pending the outcome of PTO reexamination proceedings, and make much of the fact that the reexamination proceedings for the '975 patent are allegedly moving at an "extraordinarily rapid and resounding rate". (Id. at 1, 5.) More specifically, Defendants contend that a stay is warranted in this action because Plaintiffs do not practice the patents-in-suit and will not be harmed or prejudiced in any significant way, and that a delay in the resolution of this action is not undue prejudice, in and of itself. (Id. at 6.) According to Defendants, no prejudice will result from a stay because this action is still in the early stages of litigation, Plaintiffs seek only monetary damages and any additional delay can be compensated by that legal remedy, and the patents-in-suit do not expire for several years. (Id. at 6-7.) Further, Defendants contend that a stay is warranted because it will significantly reduce the burden and expense on both the Court and the parties. (Id. at 8.) Defendants argue that simplification of the issues is especially likely in this instance because some or all of the claims of the patents-in-suit are likely to be cancelled or amended. (Id. at 9.)

Plaintiffs oppose a stay, and contend that the reexamination proceedings for the '975 patent are unremarkable. (D.I. 109, at 4.) Plaintiffs contend that the estimated length of the PTO's

reexamination process is up to six and a half years, and that a stay would make it difficult for Plaintiffs to license the patents-in-suit. (Id. at 5.) Accordingly, Plaintiffs argue that although the patents-in-suit are not due to expire for quite some time, a stay could effectively eviscerate Plaintiffs' rights of exclusivity for the remainder of the lives of the patents-in-suit and cause undue prejudice. (Id.) Further, Plaintiffs contend that they will be prejudiced by being forced to spend large amounts of money defending the patents-in-suit during reexamination proceedings without the benefit of being able to enforce their rights of exclusivity. (Id. at 5-6.) Plaintiffs also contend that a stay will not simplify the issues because the *inter partes* reexamination of the '975 patent is not binding and will not have a preclusive effect on any of Defendants' arguments, and the *ex parte* reexamination of the '236 patent will not have a preclusive effect on any of Defendants' arguments. (Id. at 7.) Finally, Plaintiffs contend that the fact that the case remains in its early stages is not dispositive of whether a stay should be granted. (Id. at 9.)

Defendants reply that the estimated length of reexamination is not as long as Plaintiffs suggest, and reiterate that non-practicing entities such as Plaintiffs are not prejudiced when litigation is stayed pending reexamination. (D.I. 116, at 1-2.) Defendants additionally contend that Plaintiffs are actually

responsible for unduly delaying the reexamination proceedings by requesting filing extensions from the PTO. (Id. at 2.) In its Motion To Supplement, Fortinet requests leave to supplement the record with a copy of the Office Action Response and associated papers that Enhanced Security Research, LLC filed with the PTO on January 29, 2010 in connection with the '975 patent's reexamination. (D.I. 141, at 1.) Fortinet contends that this voluminous filing of over 2800 pages demonstrates "the legitimacy of Fortinet's concerns regarding wasted resources, duplicative effort, potentially inconsistent results, as well as the likelihood that the reexamination will resolve all relevant issues in this litigation." (Id.)

In response, Plaintiffs state that while they do not oppose Fortinet's proposed filing, supplementation is unnecessary because it is irrelevant to the issues presented by the Motion To Stay. (D.I. 143, at 1.) Plaintiffs contend that submitting an entire office action response does not add to Fortinet's arguments in favor of stay, and does not contradict the fact that a stay will not serve judicial economy. (Id. at 1-2.)

### III. Discussion

    A. <u>Whether Fortinent Will Be Permitted To Supplement The Record</u>

The Court concludes that further supplementation of the record is not necessary for consideration of Defendants' Motion To Stay, and accordingly, the Motion To Supplement will be

5

denied. The Court fully comprehends Fortinet's arguments in favor of supplementation: that such a voluminous office action response undercuts Plaintiffs' contentions that the '975 reexamination is unremarkable, and that the record before the PTO is highly duplicative of what will be put before the Court in this action. These arguments will be considered in the context of Defendants' Motion To Stay, and in the Court's view, a vast supplementation of the record will not significantly enhance the Court's understanding or consideration of these arguments.

B. <u>Whether Litigation Will Be Stayed Pending Reexamination Proceedings</u>

The decision to grant or deny a stay is within the court's broad range of discretionary powers. <u>Dentsply Int'l, Inc. v. Kerr Mfg. Co.</u>, 734 F. Supp. 656, 658 (D. Del. 1990) (citing <u>Bechtel Corp. v. Laborers' Int'l Union</u>, 544 F.2d 1207, 1215 (3d Cir. 1976))). In determining whether a stay is appropriate, the court should "weigh the competing interests of the parties and attempt to maintain an even balance." <u>Id.</u> Courts typically cite three factors that should guide the exercise of a court's discretion when deciding whether a stay is appropriate: 1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date set. <u>See e.g.</u>,

St. Clair Intellectual Prop. Consultants v. Sony Corp., C.A. No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003). In balancing these factors, courts must be particularly mindful of the consequences of the stay on other parties. Dentsply Int'l, 734 F. Supp. at 658 (recognizing that Court must consider whether "there is 'even a fair possibility' that the stay would work damage on another party") (citations omitted).

The Court concludes that staying this action pending the PTO's reexamination of the patents-in-suit is warranted. As an initial matter, the Court notes that no trial date has been set, and that discovery is not yet complete. (See D.I. 115, Scheduling Order.) Identification of fact witnesses and document production was scheduled to be completed by April 30, 2010, but interrogatories and depositions are scheduled to take place for several more months. Thus, this litigation remains in its early stages. While the Court cannot speculate on the outcome of reexamination proceedings before the PTO, it is noteworthy that every claim of both the '975 and '236 patents is currently being reexamined by the same PTO Examiner, and that the PTO has already issued an office action rejecting all claims of the '975 patent. Also, *inter partes* reexamination of the '975 patent was granted in view of thirty prior art references, all of which Fortinet maintains that it intends to rely on for its invalidity defense. (D.I. 102, at 3 n.2; D.I. 103, Garber Decl., Ex. A.) *Ex parte*

reexamination of the '236 patent was granted in view of fifteen prior art references. (D.I. 102, at 3; D.I. 160, Ex. 1.) In these circumstances, the Court is persuaded that there is a strong likelihood that a stay pending reexamination will simplify the prior art issues and invalidity defenses which are likely to be raised in this action.

Turning to the risk of undue prejudice, Plaintiffs contend they will be prejudiced by the expense of defending the patents-in-suit during reexamination. While this may be so, the Court is not persuaded by Plaintiffs' argument in view of the fact that this litigation involves ten defendants, and will likely entail significant discovery expenditures by all parties involved. Additionally, Plaintiffs' contention that a stay pending reexamination will prejudice their rights to enforce the exclusivity of the '975 and '236 patents is largely speculative, and in any event, is counterbalanced by the fact that the patents do not expire until 2016. Finally, the Court recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced.

Although it is a close call, the Court concludes that on the whole, the competing interests in this litigation favor a stay.

### V. Conclusion

For the reasons discussed, Plaintiffs' Motion To Consolidate will be denied as moot, Fortinet's Motion To Supplement will be

8

denied, and Defendants' Motion To Stay will be granted.

An appropriate Order will be entered.